Upson, J.
It was supposed that in deciding this case it would bo necessary to review the decision of this court in Brown v. Hitchcock, 36 Ohio St. 667, in regard to the time at which the individual liability of the stockholders of a corporation attaches in favor of its creditors. This we should not be willing to do in any case where it is not necessary, as we think it is not in the case now presented for our consideration. The first question to be decided is, whether the judgment rendered in 1870, in the action brought by Kilgour, is a final judgment. If it is, it can only be vacated, modified or rev-er: sed in the mode prescribed by statute, and until thus vacated, modified or reversed it is conclusive upon all parties to the action, as to all matters involved therein; upon the principle that the public good requires a limit to litigation.
The object of the. action was to enforce the individual liability of the stockholders of the company, for the benefit of all its creditors, and in order to enforce such liability it was necessary to determine the controversies 'which the petition *546 stated to have arisen among the stockholders as to the number of shares held by them respectively and the amounts for which they were liable. To á complete determination of the questions involved in such an action it is necessary that all of the stockholders should be made parties for the purposes of a general account and to enforce from them contribution in proportion to their shares of stock, as decided in Umsted v. Buskirk, 17 Ohio St. 113, and also that the liabilities of the.parties, as between themselves, may be marshaled in accordance with the rules of equity. If there were other stockholders of the Pendleton Street Railroad Company, who were liable, it was the right of. any defendant to insist upon their being made parties.
It is clear that- no other parties, and no other allegations in the petition, were needed to give the court power to determine finally all questions, affecting the individual liability of the parties to the action, as stockholders of the company.
Bullock and Lewis were parties defendant, and the cause of action against them existed'at the time the suit was brought, whether their liability, as stockholders, attached at that time, or when the debts of the company were contracted. It was the duty of the court, under the allegations of the petition, to determine the extent of their liability, whether primary or ultimate, and the court did determine that they were the holders of stock to the amount of sixteen hundred dollars, and were therefore liable to contribute towards the 'payment of the company’s debts the sum of six hundred and fifty-two dollars, for which judgment was rendered against them. While this judgment-remains in force it'is a conclusive determination of their liability as stockholders to pay the amount, of such judgment, and- no more.
Section 5119 of the Revised Statutes does not authorize the plaintiff to file a supplemental petition after final judgment has'been rendered, for the purpose of vacating, reversing or modifying such judgment.

Judgment reversed.